■ In the Matter of WINDMILL HOUSING DEVELOPMENT FUND CO., INC., Appellant, v LEO WINCHELL, Respondent. [791 NYS2d 143]—

In a proceeding to recover possession of real property, the petitioner appeals, by permission, from so much of an order of the Appellate Term of the Supreme Court, Ninth and Tenth Judicial Districts, dated December 12, 2002, as reversed a judgment of the Justice Court, Town of East Hampton (Cahill, J.), dated July 23, 2001, and dismissed the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner commenced this proceeding to recover possession of an apartment in a federally-subsidized section 202 housing project (see 12 USC § 1701q). In 1994 the respondent moved into the subject apartment with his elderly mother, a tenant since 1987, and resided there until his mother's death in January 2004. The respondent moved into the subject apartment with the petitioner's knowledge and consent to provide medical care to his mother, who suffered a stroke and was subject to various health maladies.

The federally-subsidized housing project at issue was subject to section 202 of the Housing Act of 1959 (see 12 USC § 1701q), which has been amended over the years. The petitioner relied upon the current version of the statute, which became effective pursuant to the 1990 amendments under the Cranston-Gonzalez National Affordable Housing Act (Pub L 101-625, 104 US Stat 4297 [hereinafter the 1990 amendments]). However, under the facts of this case, the applicable version of the statute predates the 1990 amendments. The applicable former version of 12 USC § 1701q (d) (4) defined the term "elderly . . . famil[y]" as including the surviving member of a family, the head of which was 62 years old or over, "who [was] living, in a unit assisted under this section, with the deceased member of the family at the time of his or her death."

Under this definition, the respondent was a surviving member of his mother's family living with her at the time of her death in a federally-subsidized apartment subject to section 202 of the Housing Act of 1959 (id.). Accordingly, the respondent was entitled to succeed to his mother's possession of the subsidized apartment and the petitioner was not entitled to recover possession thereof.

The petitioner's remaining contentions are without merit. Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.